(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF JACOB BROWN AND VIRGINIA GILBERT, HIS WIFE, VS. WASHINGTON GILBERT.

The widow by second marriage, though she may have rights as a widow in necessitious circumstances, cannot, for this reason, prevent the appointment of an administrator of her deceased husband's succession, when there is an heir born of the first marriage and debts to be paid.

Appeal from Civil District Court, Division "A."

R. G. Harris, Attorney for Succession.

Fergus Kernan, Attorney.

B. R. Forman, for Appellant.

MOORE, J. Mary Watson, widow of Jacob Brown seeks by this action to annul a judgment appointing Washington Gilbert administrator of the succession of Jacob Brown and Virginia Gilbert, represented to be the wife by first marriage of said Jacob Brown, and to enjoin the sale of the succession effects which were ordered to be sold on the application of the said administrator who represented that the sale was necessary in order to pay debts. The allegations of her petition are that Jacob Brown and Virginia Gilbert were never lawfully married; that Brown left no legitimate ascendants, descendants or collaterals; that the succession owes no debts that the application for Gilbert's appointment as administrator was made without any notice to her whatsoever; that Gilbert, prior to his application for the administration, had brought a petitory action against her alleging that he was the sole owner of the property belonging to the succession, claiming that he had acquired same by inheritance from the deceased daughter Virginia Gilbert, whose father the said Washington Gilbert was; that that suit was subsequently discontinued, but that by reason of the allegations therein contained the said Gilbert is estopped from subsequently declaring that the property belongs to the succession of Jacob Brown and from asking to be appointed his administrator; that in any

47

and all events she is entitled to demand and receive of the succession the widows homestead, or at least the marital fourth as a widow in necessitous circumstances.

There was judgment in favor of the administrator, and against Mary Watson, dissolving the injunction and dismissing her demand, with the exception of her claim for the marital fourth as a necessitous widow, which claim was dismissed as in case of non-suit. From this judgment she appeals. The evidence satisfies us, as it evidently did the District Judge, that Jacob Brown and Virginia Gilbert were lawfully married; that during the existence of that marriage the piece of real estate mentioned in the succession was acquired; that a child was born unto them as a result of said marriage; that this child (named Aspasia, but sometimes called Virginia), died subsequent to the death of her parents leaving a natural child duly acknowledged, who still survives; and that after the death of Virginia Gilbert, the wife by first marriage of Jacob Brown, her surviving husband married Mary Watson. From that marriage no issue resulted.

Under these facts it is clear that Aspasia, the lawful issue of the marriage of Jacob Brown and Virginia Gilbert, inherited the succession of her deceased parents, C. C., 212, 918; 4 A. 305, and that upon her death her rights were transmitted to her illegitimate, but acknowledged child, and that Mary Watson has no interest in the succession at all, except perhaps as a creditor either for a marital fourth as a necessitous widow or for the reinbursement of the taxes paid by her or for both.

The appointment of an administrator for these successions was, in view of the fact that there was a minor heir (the natural child of Aspasia), and debts to pay as is shown by Mary Watson herself, necessary and was regularly made.

There is no merit in the plea of estoppel especially as it is urged after the appointment and qualification of the administrator.

The judgment is affirmed.

December 9, 1907.

Rehearing refused, December 30, 1907.